IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-610-FL

| NATHAN E. WILSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| DALY SEVEN, INC. doing business as The Holiday Inn, RDU, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(c) (DE 36). Plaintiff filed two responses in opposition. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion for judgment on the pleadings is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this action pro se, on November 20, 2015, by motion for leave to proceed in forma pauperis, with proposed complaint asserting a claim of discrimination and discharge based upon disability, pertaining to a period of alleged employment with defendant between 2011 and 2013. The court directed plaintiff to file a revised complaint before completing frivolity review. Plaintiff filed a revised complaint on July 6, 2016, which the court allowed to proceed on frivolity review conducted April 6, 2017.

In his revised complaint, plaintiff asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5, based upon allegedly unlawful employment practices on the basis of disability arising out of plaintiff's alleged employment with defendant between 2011 and 2013. Plaintiff also asserts claims that defendant "failed to forward fiduciary taxes collected from paychecks," and "generally failed to acknowledge [plaintiff's] employment" and failed to maintain records, because of plaintiff's disability. (Rev. Compl. (DE 15) at 1). Plaintiff seeks injunctive relief, back pay, compensatory damages, and other relief in amounts to be determined at trial.

Defendant answered and asserted affirmative defenses on May 25, 2017, including defenses for lack of subject matter jurisdiction, failure to state a claim, failure to exhaust administrative remedies, and failure to file within applicable statute of limitations. The court entered a case management order on July 7, 2017, which set an October 6, 2017, deadline for motions to dismiss, March 7, 2018, deadline for discovery, and April 6, 2018, deadline for dispositive motions.

Defendant filed the instant motion to dismiss on October 6, 2017. Defendant argues that plaintiff's claims based upon alleged discrimination in employment between 2011 and 2013, or related thereto, are barred for failure to exhaust administrative remedies and failure to timely file an action; and that plaintiff's claims concerning tax withholdings are preempted by the Internal Revenue Code and fail for lack of private right of action. Plaintiff responded on October 16, 2017, arguing that he should be entitled to further discovery, and he responded on December 11, 2017, including additional documents in support of his claims.[1]

---

[1] Additional documents filed with plaintiff' response suggest that plaintiff has been involved with a number of legal proceedings in North Carolina courts as a plaintiff and defendant. In addition, the court notes that plaintiff filed an additional employment discrimination action in this court, Wilson v. Fairfield Inn-Suites and Marriott, RDU, No. 5:16-CV-289-FL (E.D.N.C.), which case was closed due to failure to file a revised complaint as directed on June 28, 2017.

2

Plaintiff also filed motions to compel, motions for extensions of time to complete discovery, and other documents relating to discovery from January to March, 2018, and the court denied as moot discovery motions in light of the pending motion to dismiss. The court then stayed deadlines for discovery and dispositive motions pending decision on the motion to dismiss. Plaintiff filed on April 3, 2018, a motion to compel production.

## STATEMENT OF ALLEGED FACTS

The alleged facts pertinent to the instant motion may be summarized as follows. In 2010, plaintiff was determined to be permanently disabled due to symptoms of "various neuro-degenerative disorders." (Rev. Compl. ¶ 11). On or about January 1, 2011, plaintiff applied for employment at the Holiday Inn, RDU, and at that time plaintiff clearly identified a history of permanent disability determination. Plaintiff was hired and commenced employment for defendant at the Holiday Inn, RDU, in January 2011, as a full-time van driver. He worked full time from January 2011 to March 2013, receiving compliments from guests and "achieving a remarkable recovery." (Id. ¶ 14). During this time, plaintiff "complied with all ownership and management requirements of employment." (Id.).

From January to March 2013, plaintiff "expressed considerable concern about arbitrary adjustments in his work schedule and various safety issues in violation of the ADA." (Id. ¶ 15). "These included van maintenance, excessive fire control system failures, guests' complaints concerning pool maintenance, water pressure and sprinkler system failures resulting in frequent random flooding of the public areas of the Holiday Inn, RDU." (Id.).

In the last week of March 2013, plaintiff was "suspended" due to "various vague allegations of threatening behavior by [plaintiff] towards a guest working for a major account." (Id. ¶ 16).

According to plaintiff, "[a]ll allegations remain lacking anything remotely related to reality." (Id.). In April 2013, plaintiff provided information to his employer "to clarify any concerns about various vague allegations insinuated by management." (Id. ¶ 17). Plaintiff "offered to provide and pay for a qualified polygraph exam to clarify anything remotely related to reality from various vague insinuations and allegations." (Id. ¶ 18).

In May 2013, plaintiff filed a "charge of discrimination" with the United States Equal Employment Opportunity Commission ("EEOC"). (Id. ¶ 19). That charge asserted discrimination based upon retaliation and disability, described as follows:

> I. During my employment with [defendant] I have been denied a reasonable accommodation. On March 28, 2013, I was suspended. On April 16, 2013, I was discharged. I had been employed with the Holiday Inn/The Daly Seven since January, 2011. The Holiday Inn/The Daly Seven employs more than fifteen (15) persons.
>
> II. Ms. Vickie Barber, General Manager, informed me that I was suspended until a meeting occurred with the Owner. On April 4, 2013, at this meeting I was informed that my suspension was indefinite. On April 16, 2013, Ms. Barber informed me through mail that I was discharged for a customer complaint.
>
> III. I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended, and in retaliation for complaining of a protected activity.

(Def's Resp., Ex. A (hereinafter "first charge of discrimination") (DE 40-1); see Rev. Compl. ¶ 19). The EEOC issued a notice of rights to sue letter to plaintiff on July 25, 2013. (Def's Resp., Ex. B (DE 40-2); see Rev. Compl. ¶ 19).

"In or around July 2013, [plaintiff] learned from Social Security Administration that Defendant had failed to forward fiduciary taxes collected from wages paid for a considerable span of time." (Rev. Compl. ¶ 20). "In or around July 2013 until [M]ay 2015, [plaintiff] exerted considerable efforts to resolve I.R.S. Social Security obligations due to the failure of [defendant] to

4

forward fiduciary taxes collected by [defendant]." (Id. ¶ 21). "In or around April 2013 and ongoing to recently [defendant] denies that [plaintiff] ever worked for [defendant] in any capacity," which plaintiff asserts is a violation "of the ADA in the verification of employment." (Id. ¶ 23). "In or around April 2013 until now [defendant] has denied all requests for any aspect of the existence of a personnel file or record," which plaintiff asserts is a violation of the ADA. (Id. ¶ 24).

In July 2015, plaintiff sent a letter to the EEOC describing a second "charge of discrimination" against defendant, (hereinafter "second charge of discrimination") asserting "a pattern of discrimination spanning at least three years," asserting discrimination in refusal to "verify my actual employment" and discriminatory activities in the "filing of federal and state taxes." (Compl. Ex. (DE 1-3) at 2; see Rev. Compl. ¶ 22). On August 25, 2015, the EEOC issued to plaintiff a second notice of rights to sue letter. (Compl. Ex. (DE 1-3) at 1; see Rev. Compl. ¶ 22).

**COURT'S DISCUSSION**

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject-matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where, as here, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," then "all facts alleged in the complaint are assumed true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Adams, 697 F.2d at 1219.

In deciding a motion for judgment on the pleadings under Rule 12(c), the court applies the pleading standard of Rule 12(b)(6). "To survive a motion to dismiss" under Rule 12(b)(6), "a

5

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

  1.  Time bar

Defendant asserts plaintiff's claims must be dismissed, in part, due to failure to timely exhaust administrative remedies and failure to timely file an action on the basis of the allegations asserted.

Under the ADA, which incorporates Title VII's exhaustion and timeliness requirements, an aggrieved party must file a charge of discrimination within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); see 42 U.S.C. § 12117. Within 90 days of receipt of a right to sue letter from the EEOC, the aggrieved party must bring a civil action based upon "the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(1).

"A claim is time barred if it is not filed within these time limits." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); see Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 150-152 (1984). "Title VII's timely filing requirements are not jurisdictional." Davis v. N. Carolina

Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995) (emphasis added) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Rather, they are requirements "that, like a statute of limitations, [are] subject to waiver, estoppel, and equitable tolling." Chacko v. Patuxent Inst., 429 F.3d 505, 513 n.5 (4th Cir. 2005) (quoting Zipes, 455 U.S. at 393). However, failure to exhaust administrative remedies entirely for an alleged discriminatory act deprives the court of subject matter jurisdiction over a claim based upon such act. See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300-01 n. 2 (4th Cir. 2009); Davis, 48 F.3d at 140.

The 180 day time period for filing a charge of discrimination starts running on the date that "[a] discrete retaliatory or discriminatory act 'occurred' [or] . . . 'happened.'" Morgan, 536 U.S. at 110. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. at 113. Assertion of a "continuing violation" is insufficient to revive a time-barred discriminatory act; "emphasis . . . should not be placed on mere continuity but on whether any present violation exist[s]." Id. at 112 (emphasis in original).

Applying these principles here, most of plaintiff's claims in the complaint are time barred for failure to file a complaint thereon within 90 days of receipt of right to sue letter on his first charge of discrimination. This rule applies to bar all of plaintiff's claims based upon allegedly discriminatory employment actions and retaliation taking place in 2013, including handling of plaintiff's complaints in January 2013, suspension in March 2013, communications with management in April 2013, and discharge in April 2013, all of which were subject of plaintiff's first charge of discrimination filed in May 2013. (See, e.g., Rev. Compl. ¶¶ 10-18; first charge of discrimination (DE 40-1) at 1).

Plaintiff does not allege any valid basis for tolling the 90 day limitations period for over three years between August 2013 and the date he commenced this action in November 2015. Plaintiff suggests through documentation appended to his response that he should be entitled to equitable tolling due to court actions and adverse conduct involving various individuals, including a certain "Li Fang Cai" and "R.E. Moye family and gang," that plaintiff describes along with references to his termination at the Holiday Inn, RDU. (Pl's Resp. Ex. (DE 47-1) at 1-2).[2] While plaintiff characterizes such conduct as "extraordinary circumstances" (Pl's Resp. (DE 47) at 1), the activities described do not constitute grounds for equitable tolling of the 90 day filing period. See Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Accordingly, such claims are dismissed without prejudice as time barred because plaintiff did not meet the 90 day filing requirement for such claims.

Remaining claims in the complaint require different treatment because they are not mentioned in plaintiff's first charge of discrimination, but are suggested, at least in part, in plaintiff's second charge of discrimination addressed to the EEOC in July 25, 2015. In particular, plaintiff alleges: "In or around July 2013, [plaintiff] learned from Social Security Administration that Defendant had failed to forward fiduciary taxes collected from wages paid for a considerable span of time." (Rev. Compl. ¶ 20). "In or around April 2013 and ongoing to recently [defendant] denies that [plaintiff] ever worked for [defendant] in any capacity," which plaintiff asserts is a violation "of the ADA in the verification of employment." (Id. ¶ 23). "In or around April 2013 until now [defendant] has denied all requests for any aspect of the existence of a personnel file or record," which plaintiff asserts is a violation of the ADA. (Id. ¶ 24).

---

[2] Due to references to the names of minor children in certain documents filed with plaintiff's response, the court maintains such documents under seal pursuant to Federal Rule of Civil Procedure 5.2(d). (See DE 49-3 and DE 49-6).

8

In his second charge of discrimination, plaintiff complains of "a pattern of discrimination spanning at least three years," and plaintiff states: "These discrimination activities are . . . associated with lawful filing of federal and state taxes. . . . As of this date, [defendant] refuse[s] to verify my actual employment to further perpetrate their discriminatory agenda." (Compl. Ex. (DE 1-3) at 1). Plaintiff appends thereto documents submitted to the EEOC and the Internal Revenue Service ("IRS") describing "discrimination by tax evasion," (Id. at 5), and defendant's "failure to exhibit fiduciary responsibilities for payroll with-holding taxes and matching taxes." (Id. at 8).

These claims are time barred because plaintiff did not timely meet the 180 day administrative exhaustion requirement. See 42 U.S.C. § 2000e-5(e)(1). The asserted discriminatory employment actions, in the form of failures in recordkeeping, employment verification, or tax-withholding, occurred first "[i]n or around April 2013" and July 2013. (Rev. Compl. ¶¶ 20, 23-24). Because such asserted discriminatory actions first occurred in April and July 2013, plaintiff was obligated to file a charge of discrimination based thereon within 180 days of such occurrences. See 42 U.S.C. § 2000e-5(e)(1).

Plaintiff's general suggestion that the asserted discriminatory actions were ongoing or continuing after 2013 does not serve to reset the limitations period on each day that passes for such alleged violations. Morgan, 536 U.S. at 110-112. Plaintiff does not allege any discrete employment actions in violation of the ADA after his date of termination in April 2013. In the alternative, as discussed below, to the extent plaintiff's complaint could be read to suggest discrete employment actions within 180 days of his second charge of discrimination, plaintiff fails to state a claim for a violation of the ADA premised upon such activities.

In sum, plaintiff's claims premised upon retaliation and discrimination in employment under the ADA must be dismissed without prejudice as time barred.

2.   Failure to state a claim

Defendant also seeks dismissal of plaintiff's claims, particularly those based upon recordkeeping and tax-withholding, in part for failure to state a claim.

The ADA "prohibits employers from 'discriminating against a qualified individual on the basis of disability in regard to the hiring, advancement, or discharge of employees.'" Gentry v. E. W. Partners Club Mgmt. Co. Inc., 816 F.3d 228, 236 (4th Cir. 2016) (quoting 42 U.S.C. § 12112(a)). "To establish a claim for disability discrimination under the ADA, a plaintiff must prove (1) that she has a disability, (2) that she is a 'qualified individual' for the employment in question, and (3) that her employer discharged her (or took other adverse employment action) because of her disability." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 572 (4th Cir. 2015) (internal quotations omitted).

Here, because of the 180 day administrative exhaustion requirement, adverse employment actions taking place more than 180 days before plaintiff's second charge of discrimination are not timely. See 42 U.S.C. § 2000e-5(e)(1). Considering then any remaining allegations in plaintiff's complaint conceivably implicating the time period within 180 days of plaintiff's second charge of discrimination, such allegations fail to state a claim for discrimination under the ADA for several reasons.

First, plaintiff has not alleged facts permitting an inference that defendant took any "adverse employment action" during such time period, Jacobs, 780 F.3d at 572, whether in the form of alleged failures in recordkeeping, employment verification, or tax-withholding. Plaintiff's general

10

references to "ongoing" or "recent[]" conduct are devoid of facts sufficient to support a plausible claim. Twombly, 550 U.S. at 555. Second, there is no basis in the law for finding that the alleged failures in recordkeeping, employment verification, or tax-withholding, if taken over one and one half years after plaintiff's alleged termination constitute discrete "adverse employment action[s]" against plaintiff purposes of ADA liability. Jacobs, 780 F.3d at 572. Finally, plaintiff has not alleged any facts permitting an inference that defendant refused verification of employment, denied requests for personnel file, or failed to withhold taxes, "because of" plaintiff's disability. Jacobs, 780 F.3d at 572.

In sum, in addition to being time barred, those portions of plaintiff's claims premised upon asserted conduct by defendant after plaintiff's termination fail to state a claim upon which relief can be granted. Accordingly, such claims are dismissed without prejudice on this alternative basis.

## CONCLUSION

Based on the foregoing, defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's claims are DISMISSED without prejudice, as time-barred, and for failure to state a claim, under Federal Rule of Civil Procedure 12(c). In light of dismissal of plaintiff's claims on this basis, plaintiff's remaining motion to compel discovery (DE 66) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of April, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge